UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADERS HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 APPRENTICE FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 ORGANIZING FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 POLITICAL ACTION COMMITTEE, BLOOMINGTON-NORMAL PIPING INDUSTRIAL FUND, UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL UNION #99, PLUMBERS & PIPEFITTERS LOCAL UNION #99 401(K) FUND, LOCAL NO. 99 OF THE UNITED ASSOCIATION OF PLUMBERS & PIPEFITTERS PENSION PLAN, and INTERNATIONAL TRAINING FUND,<br><br>    Plaintiffs,<br><br>        v.<br><br>THE LANE COMPANY, INC.<br><br>    Defendant. | Case No. 1:17-cv-01569-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on Plaintiffs' Motions for Default Judgment (Docs. 6, 8). For the reasons explained below, Plaintiffs' Motions are GRANTED.

**BACKGROUND**

1

On December 15, 2017, Plaintiffs filed a two-count Complaint (Doc. 1) claiming that Defendant, The Lane Company, failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.* (Doc. 1 at 1-2). The Plaintiffs consist of employee benefits funds, labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements or the local union. *Id.* at 2. Defendant employs individuals who are members of, and represented by, Plaintiff United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada Local Union No. 99. *Id.* at 3. Those individuals employed by Defendant are participants in Plaintiffs' employee benefit funds pursuant to collective bargaining agreements (the "CB Agreements"). *Id.*

Plaintiffs allege that, pursuant to § 1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the Plaintiffs in accordance with the terms and conditions of an Agreement and Declaration of Trust (the "trust agreements") (collectively, along with the CB Agreements, referred to as the "Agreements"). *Id.* The Agreements require Defendant to report hours worked by its employees and make prompt payment of certain fringe benefit contributions owed to Plaintiffs. *Id.* Plaintiffs contend that Defendant reported the hours worked by its employees, but failed to pay contributions owed to the Plaintiffs for the hours of work performed by its employees during several months throughout 2007, 2016, 2017 and 2018. *Id.* at 4; Doc. 7 at 3; Doc 9 at 3. The Agreements also make Defendant liable for reasonable

2

attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions. (Doc. 1 at 4). Plaintiffs further aver that Defendant owes interest and liquidated damages on the delinquent contributions pursuant to ERISA and the Agreements. *Id.*

The docket in this case reflects that the Defendant's registered agent, Barbara Page, was served a Summons and copy of the Complaint on January 8, 2018. (Doc. 3). The Defendant's answer or otherwise responsive pleading was due on January 29, 2018. Defendant has failed to plead or otherwise respond at all in this case. As a result, Plaintiffs filed a Motion for Entry of Default on February 8, 2018. (Doc. 4). The Clerk of Court entered default on February 27, 2018. Plaintiffs filed a Motion for Default Judgment as to Count I of the Complaint on April 16, 2018, (Doc. 6), and a Motion for Default Judgment as to Count II of the Complaint on April 26, 2018, (Doc. 8). Both counts in the Complaint are brought against Defendant for delinquent contributions. Count I is brought by all Plaintiffs except Plumbers & Pipefitters National Pension Fund ("Group 1 Plaintiffs"). (Doc. 1 at 1-5). Count II is brought by Plumbers & Pipefitters National Pension Fund ("P&PNPF"). *Id.* at 5. For purposes of this Order & Opinion, the term "Plaintiffs" refers to all Plaintiffs regardless of Count.

Group 1 Plaintiffs allege that Defendant has failed to pay contributions for the months of December 2017, January 2018, February 2018, and March 2018. Based upon the hours reported by Defendant to the funds, the Defendant owes contributions in the sum of $95,554.94 for December 2017, January 2018, and February 2018. (Doc. 6 at 4). At the time this Motion was filed, Defendant had not yet reported hours for

March 2018. However, based upon previous reporting by Defendant, Group 1 Plaintiffs made a good faith estimate of $35,000.00 due for March 2018. *Id.* Group 1 Plaintiffs further request $604.54 for miscellaneous reporting discrepancies. *Id.* As to Count II, P&PNPF alleges that Defendant has failed to pay contributions for the months of November 2007, October 2016, March 2017, May 2017, and September 2017 through February 2018. (Doc. 9 at 3). Based on the hours reported by Defendant to P&PNPF, Defendant owes contributions in the sum of $33,841.90 to P&PNPF for the aforementioned months. *Id.* In both counts, Plaintiffs also request liquidated damages plus attorney fees and costs which will be discussed below.

## DISCUSSION

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Defendant's default was entered on February 27, 2018. Accordingly, Defendant is liable to Plaintiffs under 29 U.S.C. § 1145 based on its failure to timely make contributions or pay liquidated damages and interest required by the Agreements, as alleged in the Complaint.

While liability may be established from the well-pleaded facts of the Complaint, Plaintiffs must still show they are entitled to the amount of damages they seek. *Dundee Cement*, 722 F.2d at 1323. Default judgment may not be granted without a hearing on damages unless the amount of damages claimed is "capable of

ascertainment from definite figures in the documentary evidence or in detailed affidavits." *Id.* These damages must be ascertained with "reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

When a court finds in favor of a plan under § 1145, the plan can be awarded 1) the unpaid contributions; 2) any interest owed on unpaid contributions; 3) the greater of either the interest owed on unpaid contributions or the liquidated damages for which the plan provides; 4) reasonable attorneys' fees and costs of litigation; and 5) any other legal or equitable relief the court finds appropriate. 29 U.S.C. § 1132(g)(2). In awarding fees under § 1132(g)(2)(D), courts must determine whether the rate charged and the amount of time spent was reasonable. *See Anderson v. AB Painting & Sandblasting Inc.,* 578 F.3d 542, 544-46 (7th Cir. 2009).

Group 1 Plaintiffs request damages in the amount of $130,554.94. (Doc. 7 at 5). They also request liquidated damages and interest in the total sum of $26,990.38 and $604.54 for miscellaneous reporting discrepancies, plus attorney fees and costs in the amount of $4,184.00. *Id.* at 6-7. To support the figures, Group 1 Plaintiffs have submitted an affidavit from Michael T. Wilcher, who works for Plumbers and Pipefitters Local 99 Fringe Benefit Fund, the fund entitled to receive and process the fringe benefit contributions. (Doc. 6-1 at 2-3). The affidavit details the calculation of damages and liquidated damages, and is accompanied by a spreadsheet showing the amount of unpaid contributions, interest, and liquidated damages. *Id.* at 8. The Court has reviewed the materials Group 1 Plaintiffs submitted with its Motion, and has determined that Group 1 Plaintiffs have adequately supported its damages request

5

with documentary evidence. Defendant owes a total of $158,149.86 to the Group 1 Plaintiffs for unpaid benefit contributions, interest, and liquidated damages. (*See* Doc. 6-1).

Group 1 Plaintiffs also submitted an affidavit in support of attorney fees from John P Leahy, a partner with the law firm of Cavanagh & O'Hara, LLP, which represents the Plaintiffs. (Doc. 6-2). The affidavit is accompanied by an itemization of attorney hours worked on this matter, the hourly rate at which the attorney worked, and the amount of costs incurred. *Id.* at 3-6. Group 1 Plaintiffs' attorneys charged $90 per hour for .20 hours, $175 per hour for 2.30 hours, and $195 for 17.70 hours. *Id.* at 7. Cavanagh & O'Hara requested a total of $3,872.00 in fees plus $312.00 in costs, for a total of $4,184.00 in attorney fees and costs. The Court finds the rate charged by Group 1 Plaintiffs' counsel is a reasonable hourly rate.

P&PNPF requests damages in the amount of $33,841.90. (Doc. 8 at 3). P&PNPF also requests liquidated damages and interest in the total sum of $5,645.03 plus attorney fees and costs in the amount of $1,870.05. *Id.* at 3-6. To support the figures, P&PNPF submitted an affidavit from Toni C. Inscoe, who is the Administrator for the Trustees of the Plumbers and Pipefitters National Pension Fund, the fund entitled to receive and process the fringe benefit contributions. *Id.* at 3. The affidavit details the calculation of damages and liquidated damages, and is accompanied by a spreadsheet showing the amount of unpaid contributions, interest, and liquidated damages. (Doc. 8-1 at at 6-7). The Court has reviewed the materials P&PNPF submitted with its Motion, and has determined that P&PNPF has

adequately supported its damages request with documentary evidence. Defendant owes a total of $39,486.93 to P&PNPF for unpaid benefit contributions, interest, and liquidated damages. (*See* Doc. 8-1).

P&PNPF also submitted an affidavit in support of attorney fees from John P Leahy, a partner with the law firm of Cavanagh & O'Hara, LLP, which represents the Plaintiffs. (Doc. 8-2). The affidavit is accompanied by an itemization of attorney hours worked on this matter, the hourly rate at which the attorney worked, and the amount of costs incurred. *Id.* at 3-6. P&PNPF's attorneys charged $195 per hour for 8.79 hours. *Id.* at 7. Cavanagh & O'Hara requested a total of $1,714.05 in fees and $156.00 in costs, for a total of $1,870.05 in fees and costs. (*See* Doc. 8-2). The Court finds the rate charged by P&PNPF's counsel is a reasonable hourly rate.

## Conclusion

IT IS THEREFORE ORDERED that Group 1 Plaintiffs' Motion for Default Judgment (Doc. 6) is GRANTED. Group 1 Plaintiffs are AWARDED $158,149.86 in unpaid contributions, interest, and liquidated damages, and $4,184.00 in attorneys' fees and costs.

IT IS FURTHER ORDERED that P&PNPF's Motion for Default Judgment (Doc. 8) is GRANTED. P&PNPF is AWARDED $39,486.93 in unpaid contributions, interest, and liquidated damages, and $1,870.05 in attorneys' fees and costs.

The Clerk is directed to ENTER default judgment against Defendant in the total amount of $203,690.84.

CASE TERMINATED.

Entered this 11th day of May, 2018.

                                                               s/ Joe B. McDade
                                                                JOE BILLY McDADE
                                 United States Senior District Judge